UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY LEE ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:20-CV-1888 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court upon the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by convicted federal prisoner Ricky Roberts. ECF No. 1. Petitioner, currently incarcerated at a federal corrections institution in Greenville, Illinois, seeks a return of 180 days of good-time credit that he alleges was incorrectly taken from him. After reviewing the petition, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Illinois.

### Background

On January 9, 2015, petitioner Ricky Roberts pleaded guilty to one count of conspiracy to manufacture methamphetamine in the United States District Court for the Southern District of Illinois. *U.S. v. Halterman et al.*, No. 4:13-CR-40118-JPG-4, ECF No. 124 (S.D. Ill. 2013). On May 21, 2015, he was sentenced to 274 months imprisonment with a subsequent five-year term of supervised release. *Id.* at ECF No. 148. On July 23, 2020, petitioner filed a motion for compassionate release under the First Step Act, in the Southern District Court. *Id.* at ECF No. 204. After the Office of the Federal Public Defender withdrew on behalf of petitioner, in October 2020, a new attorney was appointed to represent petitioner on his request for compassionate release. As of the date of this Order, petitioner's motion is still pending with that Court.

### Instant Petition

In December 2020, petitioner filed this 28 U.S.C. § 2241 action, alleging that his due process rights were violated when 180 days "non vested good conduct time" was taken from him. ECF No. 1 at 2.  Apparently, petitioner was previously incarcerated at FCC Terre Haute where he was cited for an incident which occurred on July 14, 2019.  Petitioner states that: "The DHO took 41 days good time which is allowed by law, but then also took 180 non vested good conduct time." *Id.*  According to petitioner, the "law was changed in 1987, the Rules for Discipline Regulation was changed, and only allowed the DHO to withhold … only 41 days on any incident report." *Id.* at 6.  Petitioner seeks return of the 180 days credit. *Id.* at 8.

### Discussion

The Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence … [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241." *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976).  In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," the Eighth Court has held that such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. s 2241." *U.S. v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

However, jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his

warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Here, petitioner is not confined within the Eastern District of Missouri, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction. Petitioner is incarcerated in a federal facility in Greenville, Illinois, located in Bond County, which is in the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c).

Pursuant to 28 U.S.C. § 1631, a district court that finds that it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other Court in which such action could have been brought. Upon transfer under § 1631, the action proceeds as if it had been originally filed in the Court to which it is transferred. In addition, the Court notes that the district of confinement is "normally the forum most convenient to the parties." *McCoy*, 537 F.2d at 966. As such, the Court finds that it would be in the interest of justice to transfer the instant case to the United States District Court for the Southern District of Illinois.

Accordingly,

**IT IS HEREBY ORDERED** that this action shall be **TRANSFERRED** to the United States District Court for the Southern District of Illinois.

Dated this 5th day of January, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE